Freeman, J.,
delivered the opinion of the Court.
This is an action of debt, commenced in the Circuit Court of Monroe County, by defendant in error, against plaintiff in error, on the following instrument:
“One day after date, we, of either of us, promise to pay L. D. Alexander, eight hundred and- fifty-three dol *426 lars and eighty cents, for value received. Witness our hands and seals, this, the 28th day of January, 1860.
“ FkedeRick Dean, [seal.]
“Abijah Fowleb, [seal.]”
Fowler only was sued, and pleaded the general issue; and a second plea, in which he alleged, in substance, that he executed the instrument sued on, as surety of Frederick Dean, for a tract of land sold by plaintiff, to said Dean; and that after said note became due, and more than thirty days before the commencement of plaintiff’s suit, he gave notice in writing to the plaintiff, requiring him to put said note in suit; and avers that he failed, and refused to commence an action on said note in thirty days after the service of said notice; and to proceed therein with due diligence in ordinary course of law, to collect said note off said Dean. “And so he says he is discharged from liability on the same.” To this plea there was a demurrer, which was sustained by the Court. A trial was had on the ■ general issue made by first plea, judgment rendered for plaintiff, motion for a new trial made and overruled, and an appeal in the nature of a writ of error to this Court.
The demurrer in this case, was improperly sustained. First, because it is a general demurrer, and not special as required by Code, 2934. Second, because the matter of the plea, if true, is a good defense to the action.
It is insisted that the fact of suretyship should appear on the face of the note, in order to entitle the surety to be discharged under the provisions of the Code, *427 1968. We hold that the fact that he is. the surety, and not the form in which the fact is made to appear, is the ground on which the party is entitled to be discharged, by complying with the requirements of the statute. This view of the question is sustained by the case of England v. McKamey, 4 Sneed, 76. Though the direct question is not made in that case, yet the facts of the case are very similar to this. The principle is now well settled, that the fact of suretyship, may be shown by parol proof, in a Court of law, upon a question between the surety and the holder of a note. As to the discharge of a surety by laches of the holder, see authorities collected in 2 Am. Lead. Cas., 403, 404.
Eor the error in the action of the Court, sustaining the demurrer to the second plea of defendant, the case must be reversed, and remanded for a new trial.